UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID S.,<br><br>              Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. 3:19-cv-06064<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for further proceedings.

I.    <u>ISSUES FOR REVIEW</u>

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ properly assess Plaintiff's symptom testimony?
3. Did the ALJ err by not evaluating lay witness statements?

II.    <u>BACKGROUND</u>

Plaintiff filed applications for DIB and SSI on October 31, 2016, alleging in both applications a disability onset date of August 31, 2014. AR 28, 253-56, 257-65.

Plaintiff's applications were denied initially and upon reconsideration. AR 28, 179-85, 186-92. ALJ Jo Hoenninger held a hearing on August 22, 2018. AR 48-101. On October 31, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 25-41. On September 6, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-7.

Plaintiff seeks judicial review of the ALJ's October 31, 2018. Dkt. 4.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of degenerative disc disease, cervicalgia, elbow pain secondary to bilateral and medial epicondylitis and ulnar neuropathy, schizoaffective disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, obsessive compulsive disorder, and alcohol use disorder. AR 31.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 33. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform his past work; therefore the ALJ determined at step four of the sequential evaluation that Plaintiff was not disabled. AR 39-40, 96-98.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

A. <u>Whether the ALJ properly evaluated the medical opinion evidence</u>

Plaintiff contends that the ALJ erred in evaluating the opinions of examining psychologist Jack Litman, Ph.D., treating sources Amar Bhuta, M.D. and Bryan Rhoads, PA-C, and the non-examining state agency consultants. Dkt. 21, pp. 3-10.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983))

1. <u>Dr. Litman</u>

Psychologist Dr. Litman examined Plaintiff on February 3, 2017. AR 495-502. Dr. Litman's evaluation consisted of a clinical interview, a mental status examination, and a review of the medical record. Based on this evaluation, Dr. Litman opined that given his presentation during the exam, Plaintiff "may be a danger to himself or others" if he "doesn't experience interpreted avenues of escape with such compromised perceptions of what is actually occurring." AR 502. Dr. Litman stated that given Plaintiff's "current presentation of instability" he had no ability to work, and recommended that any funding he received by directed to Plaintiff's partner or a third party. *Id.*

The ALJ assigned "little weight" to Dr. Litman's opinion, reasoning that: (1) Dr. Litman's opinion that Plaintiff could not work offered an opinion on an issue of disability reserved for the Commissioner; (2) Dr. Litman did not address Plaintiff's precise work-related limitations; (3) Dr. Litman relied heavily on Plaintiff's subjective allegations; and (4) during the period at issue, Plaintiff experienced "some" improvement in his symptoms and was "mostly" able to resolve his anger issues without resorting to violence. AR 38.

Regarding the ALJ's first reason, a doctor's opinion that it was unlikely that the claimant could sustain full-time competitive employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment given the many medical and mental impairments [claimant] faces and her inability to afford treatment for those conditions."). *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).

As for the ALJ's second reason, the fact that Dr. Litman did not assess work-related limitations is not dispositive in this case.  Dr. Litman's opinion that Plaintiff "may be a danger to himself or others" in the workplace is sufficiently clear concerning the degree of Plaintiff's mental limitations for a vocational expert to assess whether Plaintiff could perform his past work at step four or other work at step five.

With respect to the ALJ's third reason, Dr. Litman utilized objective measures such as clinical interviews and mental status examinations in forming his opinion, and there is no evidence that he relied largely on Plaintiff's self-reports. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report.")

As for the ALJ's fourth reason, the fact that Plaintiff experienced "some" improvement in his symptoms and was "mostly" able to control his anger during the period at issue cannot serve as a specific and legitimate reason for discounting Dr. Litman's opinion given the significant consequences of even a single violent outburst in the workplace.

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting Dr. Litman's opinion.

2. <u>Dr. Bhuta and Mr. Rhoads</u>

On November 29, 2016, Dr. Bhuta and Mr. Rhoads opined that Plaintiff would be unable to work due to chronic neck pain stemming from his degenerative disc disease. AR 578.

The ALJ gave "little weight" to Dr. Bhuta and Mr. Rhoads' opinion, reasoning that it: (1) was inconsistent with the relatively mild objective evidence; (2) did not offer an opinion concerning Plaintiff's work-related limitations; (3) was inconsistent with Plaintiff's ability to engage in activities of daily living; and (4) offered an opinion on an issue of disability reserved for the Commissioner. AR 39.

In citing the inconsistency of the medical evidence with the opinion of Dr. Bhuta and Mr. Rhoads, the ALJ has provided a specific and legitimate reason for discounting their opinion. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

Here, the ALJ's finding that Dr. Bhuta and Mr. Rhoads' opinion that Plaintiff could not work due to his cervical impairment is supported by the medical record, which

reveals only mild foraminal narrowing, normal strength in Plaintiff's extremities, and the limited observations of pain behavior. AR 39, 371, 381, 417-18, 577, 579, 584, 588-90, 713-14, 724, 729, 747, 749-50, 753, 759-62.

Accordingly, the ALJ has provided a specific and legitimate reason for discounting Dr. Bhuta and Mr. Rhoads' opinion.

### 3. State agency consultants

Plaintiff contends that the ALJ erred in assigning "great weight" to the opinions of non-examining state agency consultants Erik Kohler, M.D., Gordon Hale, M.D., Renee Eisenhauer, Ph.D. and Michael Regets, Ph.D. Dkt. 21, p. 10.

Plaintiff contends that the ALJ erred by: (1) not considering the fact that none of the non-examiners reviewed any evidence beyond April 2017; and (2) non-examining physicians are generally entitled to less weight than the opinions of treating and examining physicians. *Id.*

For reasons discussed in more detail below, additional evidence submitted after the ALJ issued her decision on October 31, 2018 indicates that the opinions of Dr. Eisenhauer and Dr. Regets concerning Plaintiff's mental limitations are not only inconsistent with the opinion of examining psychologist Dr. Litman, but also not supported by substantial evidence. *See infra* Section IV.D; AR 1-7, 11-24.

However, the opinions of Dr. Kohler and Dr. Hale concerning Plaintiff's physical limitations are supported by substantial evidence for the reasons discussed above in connection with the opinions of Dr. Bhuta and Mr. Rhoads. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non- examining

physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

### B.  Whether the ALJ erred in assessing Plaintiff's testimony

Plaintiff contends that the ALJ erred by not providing clear and convincing reasons for discounting his testimony. Dkt. 21, pp. 11-17.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's allegations, the ALJ reasoned that: (1) Plaintiff's allegations concerning his physical and mental impairments were inconsistent with the medical record; (2) Plaintiff may have stopped working for reasons unrelated to disability; (3) there are inconsistencies in Plaintiff's statements concerning his hallucinations; (4) Plaintiff experienced situational stressors during the period at issue; (5) Plaintiff's allegations are inconsistent with his activities of daily living; and (6) Plaintiff received minimal treatment for his mental health impairments and improved with treatment. AR 34-37.

With respect to the ALJ's first reason, inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

The ALJ's second reason, that Plaintiff left work for reasons other than disability—is not, standing alone, a sufficient reason for discounting Plaintiff's testimony; the evidence the ALJ cites in support of this proposition is, at best, ambiguous concerning precisely why Plaintiff stopped working. AR 34; *see Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding that "one weak reason," even if supported by substantial evidence, "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).

As for the ALJ's third reason, the apparent inconsistency of two of Plaintiff's statements concerning his hallucinations, and observations from therapists and nurses that Plaintiff was not experiencing hallucinations on examination cannot serve as clear and convincing reasons for discounting Plaintiff's testimony concerning his mental health symptoms. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a

whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment).

Regarding the ALJ's fourth reason, it is the impairment that must prevent performance of substantial gainful activity, not situational factors, such as job losses, economic issues, or homelessness; and any impairment that does not last continuously for twelve months does not satisfy the requirement. *See* 42 U.S.C. §§ 423(d)(1)(A):

> '[D]isability' means inability to engage in substantial gainful activity *by reason of* any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a *continuous* period of not less than 12 months; or . . . .

42 U.S.C. §§ 423(d)(1)(A) (emphases added).

While the record indicates Plaintiff endured a series of significant exacerbating personal stressors during the period at issue, the record also indicates Plaintiff has long been struggling with mental health problems, often with legal consequences. AR 11-24, 424, 428-29, 442, 498-99, 504, 554, 562, 625, 647, 665-66, 673.

As for the ALJ's fifth reason, a claimant's participation in everyday activities indicating capacities that are transferable to a work setting may constitute a clear and convincing reason for discounting that claimant's testimony. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Here, the ALJ found that despite his allegations, Plaintiff was able to do yard work, work as a diesel mechanic without compensation, take classes part-time, go out in public, travel out of state, and spend time with his son. AR 37.

Plaintiff's ability to engage in these routine, undemanding activities does not constitute a clear and convincing reason for discounting Plaintiff's testimony. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

Regarding the ALJ's sixth reason, for the reasons discussed above in connection with Dr. Litman's opinion, the ALJ's conclusion that Plaintiff's mental health impairments improved with treatment is not supported by substantial evidence. *See supra* Section IV.A.

Accordingly, the ALJ has not provided clear and convincing reasons for discounting Plaintiff's testimony concerning her mental health symptoms.

C. <u>Whether the ALJ erred in evaluating lay witness statements</u>

Plaintiff contends that the ALJ erred in not evaluating the observations of SSA interviewer K. Wreggit. Dkt. 21, p. 17.

Agency employee Wreggit had a face-to-face meeting with Plaintiff on November 28, 2016, during which she observed that Plaintiff appeared nervous, could not sit well, and was distracted by sounds. AR 299-300.

The ALJ did not cite the observations of employee Wreggit in evaluating the opinion evidence.

In evaluating the record, an ALJ may consider observations by agency personnel. *See* Social Security Ruling ("SSR") 16-3p ("Other evidence that we will consider includes statements from . . . any other sources that might have information about the individual's symptoms, including agency personnel."); *see also* 20 C.F.R. § § 404.1529(c)(3), 416.927(c)(3) ("We will consider all of the evidence presented, including . . . observations by our employees and other persons.").

Yet the ALJ is not required to "discuss all evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

Here, the observations of employee Wreggit were based upon a brief encounter with Plaintiff, and were intended to gather basic information about Plaintiff's condition, not to provide testimony about his functional limitations. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (finding that an individual must have "sufficient contact" with the claimant during the period at issue "to qualify as a competent lay witness.").

Accordingly, the ALJ did not err in declining to assess this evidence.

D. <u>Additional evidence</u>

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 11-24, 102-08. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not relate to the period at issue or that it did not show a reasonable probability of changing the outcome. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

Here, the evidence in question consists of treatment notes from 2018 and 2019 detailing Plaintiff's ongoing mental health symptoms, a February 28, 2018 from Dr. Bhuta and Mr. Rhoads, and early treatment notes concerning Plaintiff's physical condition. AR 11-24, 102-08. The ALJ shall evaluate this evidence on remand.

E. <u>Remand for Further Proceedings</u>

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 21, pp 18-19. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

"(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the ALJ erred in evaluating the opinion of Dr. Litman and Plaintiff's testimony concerning his mental health impairments, and must evaluate additional evidence received after the ALJ issued his decision. Accordingly, remand for further proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings.

The ALJ is directed to re-assess the opinions of Dr. Litman, Plaintiff's testimony concerning her mental impairments, and the additional post-hearing evidence on remand.

Dated this 8th day of April, 2021.

Theresa L. Fricke
United States Magistrate Judge